UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE REYNOLDS, CDCR #2977,<br><br>                             Plaintiffs,<br><br>       vs.<br><br>R. CRLOLLOS, et al.,<br><br>                             Defendants. | Case No.:  3:22-cv-01830-JAH-BGS<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

**I. Introduction**

   Plaintiff Tyrone Reynolds, while housed at Kern Valley State Prison ("KVSP) and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of California. *See* Compl., ECF No. 1. Reynolds did not prepay the $402 civil filing fee required by 28 U.S.C. § 1914(a), but did file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. On November 21, 2022, United States Magistrate Judge Sheila Oberto determined that the claims giving rise to this action occurred in San Diego County and transferred the matter to Southern District of California. *See* ECF No. 3.

/ / /

On December 9, 2022, the Court denied Reynolds's IFP motion because he had not submitted a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). *See* ECF No. 6. Without his certified trust account statements, the Court was unable to assess the appropriate amount of the initial filing fee which may be statutorily required to initiate the prosecution of Reynolds's case. *See* 28 U.S.C. § 1915(b)(1). Reynolds was granted forty-five (45) days from the date of the dismissal Order in which to re-open his case by either paying the $402 statutory filing fee or filing a renewed Motion to Proceed IFP which included a prison certificate and/or a certified copy of his Inmate Trust Account Statement for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b). *Id.*

On January 20, 2023, Reynolds filed a Motion for Extension of Time, asking this Court for forty-five (45) additional days to comply with the Court's December 9, 2022 dismissal Order because of delays obtaining his trust account statement at the prison where he is incarcerated. *See* ECF No. 8. The Court granted Reynolds's request on February 13, 2023, and gave him forty-five (45) days to either pay the $402 filing fee or submit a renewed motion to proceed in forma pauperis which included a prison certificate and/or a certified trust account statement for the 6-month period preceding the filing of his Complaint. ECF No. 9.

**II. Discussion**

Plaintiff was given until March 30, 2023 to respond to the Court's Order. *Id.* As of today's date, the Court has received no communication from Plaintiff. In such cases, the Court has discretion to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need

to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). As the Court has informed Plaintiff of his need to either pay the filing fee or submit a properly supported in forma pauperis application in order to proceed with this action, only factor three does not weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with the docket management and the public interest"); *id*. at 642 (where defendants have not yet appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (noting that the court is not required to exhaust all alternatives prior to dismissal); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction.") Reynolds, however, has provided the Court with no indication he intends to do either.

Weighing these factors, the Court finds dismissal is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("we may affirm a dismissal where at least four factors support dismissal or where at least three factors 'strongly' support dismissal.") (internal citation omitted) (quoting *Ferdik*, 963 F.2d at 1263; *see also Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) ("While the public policy favoring disposition of cases on their merits weighs against default judgment, that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor.")

/ / /

/ / /

### III. Conclusion and Order

The Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to satisfy the filing fee requirement and failure to prosecute this action. The Court **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

Dated: June 2, 2023

_____
Hon. John A. Houston
United States District Judge